FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/15/2023 2:57 PM
KATINA WATSON
CLERK OF THE COURT
Dawna Jarvis

SECOND JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF BERNALILLO

GABRIEL LEAL D/B/A GE WIRELESS,

                Plaintiff,

-vs-                        No. D-202-CV-2023-07191

OHIO SECURITY INSURANCE COMPANY,

                Defendant.

## FIRST AMENDED COMPLAINT TO RECOVER DAMAGES FOR INSURANCE BAD FAITH

Plaintiff Gabriel Leal D/B/A GE Wireless by and through his attorney, Shavon M. Ayala, Esq. states on his own knowledge upon information and belief as follows:

1.    Plaintiff is a citizen of the State of New Mexico residing in the County of Bernalillo, New Mexico at all times relevant to the facts of this case, furthermore, at all times relevant Plaintiff had five (5) businesses insured by the Defendant in the County of Bernalillo, New Mexico.

2.    Defendant Ohio Security Insurance Company is a foreign corporation with its principal place of business located in Scranton, PA.  Defendant is duly authorized by the State of New Mexico to transact business in the State of New Mexico as a provider of business insurance.  At all times relevant to this Complaint defendant was doing business in the State of New Mexico.

3.    The incidents, acts and omissions giving rise to this Complaint occurred in the County of Bernalillo, New Mexico.

**EXHIBIT**

**A**

1

4.  Venue in this court is proper.

5.  At all times material herein, Defendant acted through its agents and employees acting in a managerial capacity within the purpose and scope of their agency or employment. The acts and conduct herein were known to, authorized and ratified by Defendant.

<u>COUNT I</u>

**<u>Breach of Covenant of Good Faith and Fair Dealing</u>**

6.  Plaintiff realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 5.

7.  In the State of New Mexico, the Defendant through its agents, issued to Plaintiff a business insurance policy BKS58945592 which included but was not limited to coverage to Plaintiff for damages to the business personal property and damage to the buildings for each business located at 1220 Eubank Blvd N.E., 237 Eubank Blvd S.E., 5007 Menaul Blvd N.E., 8400 Menaul Blvd, and 7010 Central Blvd S.E., Albuquerque, New Mexico.  The policy that covered each and every location mentioned took effect on or about February 5, 2020 and was in full force and effect at all times material to the allegations of this complaint.

8.  After the insurance was in effect, each of the Plaintiff's business locations were broken into, wherein he suffered damage to both the buildings he was leasing for each of his businesses which leases to each location required him to pay for any damages to the building if there was a break in, and furthermore and more importantly, Plaintiff suffered damages because of theft or damage to business personal property.

9.  Plaintiff submitted a claim for damages to the building and the theft and damage

2

to the business personal property for the location of 237 Eubank Blvd N.E., Albuquerque,

New Mexico to Defendant Ohio Security Insurance Company , and the Defendant accepted

liability for the business personal property but denied liability for the damage to the business

building because they alleged that the Plaintiff's land lord was responsible for the damage to

the building which was not true; the Plaintiff was responsible under the lease for damage to

the building and subsequently the landlord demanded approximately $12,000.00 for the

damage to the building but the Plaintiff settled with the landlord for $5,000.00 for the damage

to the building that his business was housed in and which was insured and covered under

his policy with Defendant Ohio Security Insurance Company .

10.  The Plaintiff was also the victim of burglaries to each and every other location

mentioned in the above ¶ 7 before his business policy expired or was cancelled in June 2022, and

the Plaintiff sent notice of his claims regarding damage to each building, doors, and windows

that he was responsible for due to contract or lease agreement which he did not own; and

business personal property lost by theft or destroyed which included furniture, fixtures,

machinery, equipment, "stock"; and all personal property owned by Plaintiff but that was

used in his business and each and every loss he suffered as a result of the burglaries

covered by his insurance policy.

11.  The Defendant Ohio Security Insurance Company  in response to Plaintiff's

reported claims issued letters of reservation of rights and indicated that they had the right to

investigate the five claims, including but not limited to conduct an investigation as to the cause

or the amount of damages claimed for each location.

12.  The Plaintiff cooperated with the investigation conducted by the Defendant's

3

counsel Timothy Callaway of the Law Offices of Suzana Skrabo by submitting himself to

an Examination Under Oath Duces Tecum on or about May 13, 2022 by Zoom, and

subsequently was wrongfully denied coverage for the losses he suffered to both the buildings

he did not own and the loss, destruction or theft of business property to each business.

13.  Defendant had the duty to act in good faith and deal fairly with Plaintiff.

14.  The Plaintiff tendered to counsel for the Defendant police reports related to

each burglary, inventories for the losses, videos showing his businesses being robbed,

invoices for all claimed lost good, invoices for damaged goods, reports of the damage

to each building, invoices for all equipment or fixtures damaged, copy of his taxes,

a list of employees or contractors working on the dates of each burglary, copies of written

procedures in effect on the date of each burglary including the process for closing and

securing each store, accounting practices, and efforts he made to report each crime, copies

of bank statements, and itemized list of each and every item lost, stolen, destroyed or

damaged, and each and every other item requested by the Defendant through their counsel.

15.  As a result of the denial of the valid claims submitted to Defendant Liberty Mutual

Fire Insurance the Plaintiff lost his business and continues to suffer incidental damages because

Defendant refused to cover his losses he was able to prove and which he had insurance coverage

for.

16.  The conduct of Defendant Ohio Security Insurance Company  in

refusing to pay what Plaintiff is owing and due under their insurance policy is extreme

and outrageous; upon information and belief Defendant Ohio Security Insurance Company

intends to intimidate Plaintiff to settle for a very small amount or a fraction of the policy limits

he is due.

4

17.  Defendant Ohio Security Insurance Company  willfully, recklessly and without regard for the rights of Plaintiff has breached the duty of good faith and fair dealing owed to Plaintiff by:

  A.   Withholding payment under the policy of the policy limits knowing that Plaintiff's claim for benefits under the policy to be valid.

  B.   Failing to provide a reasonable explanation of the basis relied upon in refusal to pay the Plaintiff for the damage to the building located at 237 Eubank Blvd N.E., and/or to pay for the damages suffered to each and every other location that involved damage to both the buildings and business personal property mentioned in ¶ 7 above, after review of substantial evidence including videos of crimes as they were being committed in relation to the applicable facts and law.

18.  Due to Defendant's bad faith breach of the insurance contract, Plaintiff has been injured in the amount to be proven at trial, i.e., but not limited to Plaintiff's liability for damages to the business building property that didn't belong to him, damages to business personal property, incidental and consequential damages that Plaintiff suffered as the result of the wrongful denial of Plaintiff's claims which resulted in the complete destruction of his business in substantial damages that continue, punitive damages, interest and other costs related to delayed payment of the entire claims with the tender of full policy limits.

19.  Plaintiff has suffered severe emotional distress as the result of Defendant's wrongful acts and omissions.

WHEREFORE, Plaintiff demands judgment against and for the following relief from Defendant:

5

a.    The amount of Plaintiff's actual damages resulting from Defendant's wrongful

acts and omissions as stated in the Complaint, including the entire amount of the claims plus

all related costs and expenses due to delayed payment by Defendant Liberty Mutual Fire

Insurance Company.

b.    Plaintiff's attorney fees and costs in this action.

c.    Exemplary and punitive damages in an amount that will deter Defendant and

others from such wrongful conduct in the future and punish them for their behavior as

alleged in this Complaint.

d.    Incidental and consequential damages as a result of denying the valid claims

including losses that Plaintiff has suffered for having to close his business because of

the wrongful denial of his claims and the income he continues to lose.

e.    Such other relief as the Court deems appropriate.

<u>COUNT II</u>

**<u>Violation of the Unfair Insurance Practices Act</u>**

20.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 19

of this Complaint.

21.    The action of Defendant, its agents and employees as set forth above, constitute

unfair insurance trade practices prohibited by New Mexico Statutes.

22.    As a direct and proximate result of Defendant's unfair insurance trade practices,

Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against and the following relief

from the Defendant:

6

a.   The amount of Plaintiff's actual damages resulting from Defendant's acts and omissions as stated in this Complaint, including the entire amount of the claims plus related costs and expenses due to delayed payment by Defendant Liberty Mutual Fire Insurance Company;

b.   Plaintiff's attorney's fees and costs of this action;

c.   Exemplary and punitive damages in an amount that will deter Defendant and others from such wrongful conduct in the future and punish them for their behavior as alleged in this Complaint;

d.   Incidental and consequential damages as a result of denying the valid claims including losses that Plaintiff has suffered for having to close his business because of the wrongful denial of his claims and income he continues to lose.

e.   Such other relief as the Court deems appropriate.

<u>COUNT III</u>

**<u>Violations of Unfair Practices Act</u>**

23.   Plaintiffs incorporates by reference the allegations of paragraphs 1 through 22 of this Complaint.

24.   Defendant's wrongful acts and omissions as alleged in this Complaint were willful violations of the Unfair Practices Act of New Mexico.

25.   As a direct and proximate result of Defendant's violations of the Unfair Practices Act, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against and the following relief from Defendant:

7

a.   The amount of Plaintiff's actual damages resulting from Defendant's acts and omissions as stated in this Complaint, including the entire amount of the claims plus all related costs and expenses due to delayed payment by Defendant Liberty Mutual Fire Insurance Company;

b.   Plaintiff's attorney fees and costs of this action;

c.   Incidental and consequential damages as a result of denying the valid claims including losses that Plaintiff has suffered for having to close his business because of the wrongful denial of his claims and the income he continues to lose.

d.   Exemplary and punitive damages in an amount that will deter Defendant and others from such wrongful conduct in the future and punish them for their behavior as alleged in the Complaint; and

e.   Such other relief as the Court deems appropriate.

COUNT IV

**Intentional Infliction of Emotional Distress**

26.   Plaintiff incorporates by reference the allegations of paragraph 1 through 25 of this Complaint.

27.   Defendant intentionally inflicted emotional distress upon Plaintiff in its dealings with him as described in this Complaint.

WHEREFORE, Plaintiff demand judgment against and the following relief from Defendant:

a.   Damages for emotional distress resulting from Defendant's acts and omissions as stated in this Complaint;

8

b.   Exemplary and punitive damages in an amount that will deter Defendant

and others from such wrongful conduct in the future and punish them for their

behavior as alleged in this Complaint;

c.   Such other relief as the Court deems appropriate.

Respectfully submitted,

_/s/ Shavon M. Ayala_
Shavon M. Ayala, Esq.
Attorney for Plaintiff
601 Parkside Place S.E.
Albuquerque, New Mexico 87123
(505) 344-0401

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
9/8/2023 12:57 PM
KATINA WATSON
CLERK OF THE COURT
Roah K Khweis

SECOND JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF BERNALILLO

GABRIEL LEAL D/B/A GE WIRELESS,

                         Plaintiff,

-vs-                                          No. D-202-CV-2023-07191
                                                 _____

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                         Defendant.

## COMPLAINT TO RECOVER DAMAGES FOR INSURANCE BAD FAITH

Plaintiff Gabriel Leal D/B/A GE Wireless by and through his attorney, Shavon M.

Ayala, Esq. states on his own knowledge upon information and belief as follows:

1.    Plaintiff is a citizen of the State of New Mexico residing in the County of

Bernalillo, New Mexico at all times relevant to the facts of this case, furthermore, at

all times relevant Plaintiff had five (5) businesses insured by the Defendant in the

County of Bernalillo, New Mexico.

2.    Defendant Liberty Mutual Fire Insurance Company is a foreign corporation with its

principal place of business located in Scranton, PA.  Defendant is duly authorized by the State of

New Mexico to transact business in the State of New Mexico as a provider of business

insurance.  At all times relevant to this Complaint Defendant was doing business in the State of

New Mexico.

3.    The incidents, acts and omissions giving rise to this Complaint occurred in the

County of Bernalillo, New Mexico.

1

4.    Venue in this court is proper.

5.    At all times material herein, Defendant acted through its agents and employees acting in a managerial capacity within the purpose and scope of their agency or employment. The acts and conduct herein were known to, authorized and ratified by Defendant.

COUNT I

**Breach of Covenant of Good Faith and Fair Dealing**

6.    Plaintiff realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 5.

7.    In the State of New Mexico, the Defendant through its agents, issued to Plaintiff a business insurance policy BKS58945592 which included but was not limited to coverage to Plaintiff for damages to the business personal property and and damage to the buildings for each business located at 1220 Eubank Blvd N.E., 237 Eubank Blvd S.E., 5007 Menaul Blvd N.E., 8400 Menaul Blvd, and 7010 Central Blvd S.E., Albuquerque, New Mexico.  The policy that covered each and every location mentioned took effect on or about February 5, 2020 and was in full force and effect at all times material to the allegations of this complaint.

8.    After the insurance was in effect, each of the Plaintiff's business locations were broken into, wherein he suffered damage to both the buildings he was leasing for each of his business which leases to each location required him to pay for any damages to the building if there was a break in, and furthermore and more importantly, Plaintiff suffered damages because of theft or damage to business personal property.

9.    Plaintiff submitted a claim for damages to the building and the theft and damage

2

to the business personal property for the location of 237 Eubank Blvd N.E., Albuquerque,

New Mexico to Defendant Liberty Mutual Fire Insurance Company, and the Defendant accepted

liability for the business personal property but denied liability for the damage to the business

building because they alleged that the Plaintiff's land lord was responsible for the damage to

the building which was not true; the Plaintiff was responsible under the lease for damage to

the building and subsequently the landlord demanded approximately $12,000.00 for the

damage to the building but the Plaintiff settled with the landlord for $5,000.00 for the damage

to the building that his business was housed in and which was insured and covered under

his policy with Defendant Liberty Mutual Fire Insurance Company.

10.  The Plaintiff was also the victim of burglaries to each and every other location

mentioned in the above ¶ 7 before his business policy expired or was cancelled in June 2022, and

the Plaintiff sent notice of his claims to Defendant regarding damage to each building, doors, and

windows that he was responsible for due to contract or a lease agreement which he did not own;

and business personal property lost by theft or destroyed which included furniture, fixtures,

machinery, equipment, "stock"; and all personal property owned by Plaintiff but that was

used in his business and each and every loss he suffered as a result of the burglaries

covered by his insurance policy.

11.  The Defendant Liberty Mutual Fire Insurance Company in response to Plaintiff's

reported claims issued letters of reservation of rights and indicated that they had the right to

investigate the five claims, including but not limited to conduct an investigation as to the cause

or the amount of damages claimed for each location.

12.  The Plaintiff cooperated with the investigation conducted by the Defendant's

3

counsel Timothy Callaway of the Law Offices of Suzana Skrabo by submitting himself to

an Examination Under Oath Duces Tecum on or about May 13, 2022, and subsequently

was wrongfully denied coverage for the losses he suffered to both the buildings he did not own

and the loss, destruction or theft of business property to each business.

13.  Defendant had the duty to act in good faith and deal fairly with Plaintiff.

14.  The Plaintiffs tendered to counsel for the Defendant police reports related to

each burglary, inventories for the losses, videos showing his businesses being robbed,

invoices for all claimed lost good, invoices for damaged goods, reports of the damage

to each building, invoices for all equipment or fixtures damaged, copy of his taxes,

a list of employees or contractors working on the dates of each burglary, copies of written

procedures in effect on the date of each burglary including the process for closing and

securing each store, accounting practices, and efforts he made to report each crime, copies

of bank statements, and itemized list of each and every item lost, stolen, destroyed or

damaged, and each and every other item requested by the Defendant through their counsel.

15.  As a result of the denial of the valid claims submitted to Defendant Liberty Mutual

Fire Insurance the Plaintiff lost his business and continues to suffer incidental damages because

Defendant refused to cover his losses he was able to prove and which he had insurance coverage

for.

16.  The conduct of Defendant Liberty Mutual Fire Insurance Company in

refusing to pay what he is owing and due under their insurance policy is extreme

and outrageous; upon information and belief Defendant Liberty Mutual Fire Insurance Company

intends to intimidate Plaintiff to settle for a very small amount or a fraction of the policy limits

he is due.

17.  Defendant Liberty Mutual Fire Insurance Company willfully, recklessly and without regard for the rights of Plaintiff has breached the duty of good faith and fair dealing owed to Plaintiffs by:

      A.  Withholding payment under the policy of the policy limits knowing that Plaintiffs' claim for benefits under the policy to be valid.

      B.  Failing to provide a reasonable explanation of the basis relied upon in refusal to pay the Plaintiff for the damage to the building located at 237 Eubank Blvd N.E., and/or to pay for the damages suffered to each and every other location that involved damage to both the buildings and business personal property mentioned in ¶ 7 above, after review of substantial evidence including videos of crimes as they were being committed in relation to the applicable facts and law.

18.  Due to Defendant's bad faith breach of the insurance contract, Plaintiff has been injured in the amount to be proven at trial, i.e., but not limited to Plaintiff's liability for damages to the business building property that didn't belong to him, damages to business personal property, incidental and consequential damages that Plaintiff suffered as the result of the wrongful denial of Plaintiff's claims which resulted in the complete destruction of his business in substantial damages that continue, punitive damages, interest and other costs related to delayed payment of the entire claims with the tender of full policy limits.

19.  Plaintiff has suffered severe emotional distress as the result of Defendant's wrongful acts and omissions.

WHEREFORE, Plaintiff demands judgment against and for the following relief from Defendant:

5

a.   The amount of Plaintiff's actual damages resulting from Defendant's wrongful acts and omissions as stated in the Complaint, including the entire amount of the claims plus all related costs and expenses due to delayed payment by defendant Liberty Mutual Fire Insurance Company.

b.   Plaintiff's attorney fees and costs in this action.

c.   Exemplary and punitive damages in an amount that will deter Defendant and others from such wrongful conduct in the future and punish them for their behavior as alleged in this Complaint.

d.   Incidental and consequential damages as a result of denying the valid claims including losses that Plaintiff has suffered for having to close his business because of the wrongful denial of his claims and the income he continues to lose.

e.   Such other relief as the Court deems appropriate.

<u>COUNT II</u>

**<u>Violation of the Unfair Insurance Practices Act</u>**

20.  Plaintiff incorporate by reference the allegations of paragraphs 1 through 19 of this Complaint.

21.  The action of Defendant, its agents and employees as set forth above, constitute unfair insurance trade practices prohibited by New Mexico Statutes.

22.  As a direct and proximate result of defendant's unfair insurance trade practices, Plaintiff had suffered damages.

WHEREFORE, plaintiff demands judgment against and the following relief from the defendant:

6

a.   The amount of Plaintiff's actual damages resulting from Defendant's acts and omissions as stated in this Complaint, including the entire amount of the claims plus related costs and expenses due to delayed payment by defendant Liberty Mutual Fire Insurance Company;

b.   Plaintiffs attorney's fees and costs of this action;

c.   Exemplary and punitive damages in an amount that will deter defendant and others from such wrongful conduct in the future and punish them for their behavior as alleged in this Complaint;

d.   Incidental and consequential damages as a result of denying the valid claims including losses that Plaintiff has suffered for having to close his business because of the wrongful denial of his claims and income he continues to lose.

e.   Such other relief as the Court deems appropriate.

## COUNT III

### **Violations of Unfair Practices Act**

23.  Plaintiffs incorporates by reference the allegations of paragraphs 1 through 22 of this Complaint.

24.  Defendant's wrongful acts and omissions as alleged in this Complaint were willful violations of the Unfair Practices Act of New Mexico.

25.  As a direct and proximate result of defendant's violations of the Unfair Practices Act, plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against and the following relief from Defendant:

7

a.   The amount of Plaintiff's actual damages resulting from Defendant's acts and

omissions as stated in this Complaint, including the entire amount of the claims plus all

related costs and expenses due to delayed payment by Defendant Liberty Mutual Fire Insurance

Company;

b.   Plaintiff's attorney fees and costs of this action;

c.   Incidental and consequential damages as a result of denying the valid claims

including losses that Plaintiff has suffered for having to close his business because of the

wrongful denial of his claims and the income he continues to lose.

d.   Exemplary and punitive damages in an amount that will deter Defendant and

others from such wrongful conduct in the future and punish them for their behavior as

alleged in the Complaint; and

e.   Such other relief as the Court deems appropriate.

COUNT IV

**Intentional Infliction of Emotional Distress**

26.  Plaintiff incorporates by reference the allegations of paragraph 1 through 25

of this Complaint.

27.  Defendant intentionally inflicted emotional distress upon Plaintiff in its

dealings with him as described in this Complaint.

WHEREFORE, Plaintiff demands judgment against and the following relief

from Defendant:

a.   Damages for emotional distress resulting from Defendant's acts and

omissions as stated in this Complaint;

8

b.   Exemplary and punitive damages in an amount that will defer Defendant

and others from such wrongful conduct in the future and punish them for their

behavior as alleged in this Complaint;

c.   Such other relief as the Court deems appropriate.


Respectfully submitted,

Shavon M. Ayala, Esq.
Attorney for Plaintiff
601 Parkside Place S.E.
Albuquerque, New Mexico  87123
(505) 344-0401

9

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
9/8/2023 12:57 PM
KATINA WATSON
CLERK OF THE COURT
Roah K Khweis

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

GABRIEL LEAL,

                Plaintiff,

-vs-                     No.   D-202-CV-2023-07191

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                Defendant.

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER LOCAL RULE 2-603

I, Shavon M. Ayala, attorney for the Defendant [Counter-Plaintiff], certify that:

_____ This case is subject to arbitration under local rule 2-603. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorney fees.

XXX This case IS NOT subject to referral to arbitration under local rule 2-603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorney fees.

I further certify that the pleadings in this case are closed within the meaning of Guideline 1-5 of the Guidelines to Local Rule 2-603.

1

Respectfully submitted,

Shavon M. Ayala, Esq.
Attorney for Plaintiff
601 Parkside Place S.E.
Albuquerque, N.M.  87123
(505) 344-0401
nmlawyerayala@gmail.com