IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL LEAL
d/b/a GE WIRELESS,

    Plaintiff,

vs.                                      Civ. No. 23-1121 LF/SCY

OHIO SECURITY INSURANCE
COMPANY,

    Defendant.

## ORDER GRANTING IN PART MOTION TO COMPEL

This matter comes before the Court on Defendant's Motion to Compel Discovery, filed September 3, 2024. Doc. 50. In response, Plaintiff supplemented his discovery answers and so there is nothing further for the Court to order him to produce. However, the Court grants Defendants' request for reasonable expenses, including attorney's fees.

## BACKGROUND

Defendant served its First Set of Interrogatories, Requests for Production, and Requests for Admission on Plaintiff on April 8, 2024, making his answers due by May 8. Doc. 27. By May 14, having received no response and no request for an extension, Defendant's counsel sent Plaintiff's counsel a good faith letter. Doc. 50-2. Plaintiff's counsel responded that same day, requesting an extension until June 14, 2024, which Defendant's counsel agreed to (subject to its position that Plaintiff waived any objections to discovery and that the requests for admissions were deemed admitted). Doc. 50-3. By June 14, again having not received Plaintiff's discovery responses or a request for a further extension, Defendant's counsel sent a second good faith letter to Plaintiff's counsel. Doc. 50-4. Plaintiff's counsel responded the same day and this time requested an extension until July 9, 2024, to which Defendant's counsel agreed. Doc. 50-5.

Plaintiff provided his discovery responses on July 9. Doc. 50-1. A number of his responses, however, stated that the interrogatory or request for production "will be supplemented." *Id.* As such, Defendant's counsel sent a third good faith letter to Plaintiff's counsel on July 19, 2024. Doc. 50-6. Plaintiff's counsel responded the same day, providing Plaintiff's first supplemental answers and responses along with an email from counsel stating, "I will forward your letter and get you what I can, when I can, which will definitely have to be after the 26th." Doc. 50-7. On August 7, 2024, Plaintiff's counsel requested an extension until August 19 to provide further supplemental responses, to which Defendant's counsel agreed. Doc. 50-8. Also on August 7, defense counsel attempted to call Plaintiff's counsel to meet and confer but was unable to reach her. *Id.* On August 16, 2024, Plaintiff's counsel informed Defendant's counsel that Plaintiff was still working on the supplemental responses, and stated, "I know I won't be able to get you the supplemental discovery Monday. It's possible I could get it to you during the week, next week." Doc. 50-9. Defense counsel responded, asking for a timeframe for the supplemental responses as well as time to schedule a phone call, to which Plaintiff's counsel never responded. Doc. 50-10.

By September 3, 2024, Plaintiff had not provided additional supplements and so Defendant filed the present motion to compel. Doc. 50. In response, Plaintiff provided supplemental discovery responses, arguing that the supplements "should negate the need for an Order granting [Defendant's] Motion to Compel." Doc. 53. In reply, however, Defendant still requests its reasonable expenses, including attorney's fee, for bringing the motion. Doc. 54.

## DISCUSSION

As an initial matter, in the motion to compel, Defendant asserts that Plaintiff's responses to a number of interrogatories and requests for production are insufficient. Doc. 50. In reply,

Defendant acknowledges Plaintiff's supplemental responses but complains that Plaintiff's delay in complying with his discovery obligations has prejudiced Defendant in preparing its defense. Doc. 54 at 4 ("Plaintiff's approach to discovery . . . has also resulted in prejudice to Ohio Security by blocking its attempts to complete discovery as to Plaintiff's alleged damages, delayed the potential for resolving this matter and forced Ohio Security to incur unnecessary attorney fees and costs in an effort to obtain the requested discovery."). Defendant argues that "the supplemental information and documents provided in Plaintiff's 09/23/24 supplementation does little to cure Plaintiff's original deficiencies or the impact that Plaintiff's approach to discovery has had on Ohio Security's ability to obtain relevant and discoverable information." *Id.* at 4-5. However, Defendant does not assert that the supplemental responses were incomplete or that it still seeks further information in response to its first set of discovery requests. Indeed, although Defendant asserts that Plaintiff's supplementation "produced a majority of the information that was originally requested on April 8, 2024," it does not provide any further information regarding what additional information it seeks. Thus, given Plaintiff's supplement, the Court denies as moot the motion to compel as to any further responses.

The relief Defendant requests that is not moot is reasonable expenses, including attorney's fees, incurred in bringing the motion to compel. Doc. 54 at 5. Federal Rule of Civil Procedure 37 provides that,

> [i]f the motion [to compel] is granted--*or if the disclosure or requested discovery is provided after the motion was filed*--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Here, because Plaintiff finished supplementing his discovery responses after Defendant filed the motion to compel, Rule 37 mandates payment of reasonable expenses, including attorney's fees, subject to three exceptions.

The Court must not order expenses if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The Court finds that none of the exceptions apply here. First, given the procedural history between the parties, it is clear that Defendant, as the movant, made a good faith attempt to obtain the requested discovery before filing the motion, including sending Plaintiff three good faith letters and agreeing to several extensions.

Second, the Court finds that Plaintiff's nondisclosure was not substantially justified. In his response that accompanied the supplemental discovery answers, Plaintiff explains that,

> Plaintiff hired a CPA to prepare a report and to help him answer Ohio's first set of discovery requests and provided the CPA with his files and payment. The CPA subsequently took Plaintiff's documents with him out of state where he has remained. The CPA kept informing client that he was almost done. Finally, after the first part of Plaintiff's deposition, he requested his documents back from the CPA, which he did not send right away, and he got them to a new CPA who indicated he could back to him quickly [sic] but he did not and finally Mr. Leal did his best to answer the discovery requests on his own.

Doc. 53 at 1. Plaintiff, however, never explains why he needed a CPA in order to respond to discovery, especially when he eventually was able to respond to discovery himself. Further, as Defendant points out, the fact that Plaintiff was able to provide documents to the CPA to answer discovery indicates that he had possession and control of such responsive documents that he could have simply provided in his discovery responses. Lastly, this explanation does not address Plaintiff's repeated failures to timely respond to discovery or seek an extension. That is, even if Plaintiff was waiting on additional information from a CPA and thus could not respond to discovery by the deadline, Plaintiff should have requested an extension of time to answer before

4

the deadline expired, rather than missing deadlines and forcing Defendant to continually follow up, over a period of months, on the missing discovery.

Third, Plaintiff offers no argument as to why an award of expenses would be unjust and the Court finds that no such circumstances exist. Plaintiff provided his supplemental responses nearly four months after the original responses were due. And during that time, he missed multiple deadlines to respond to discovery and engaged very little in the meet and confer process despite multiple attempts and flexibility from the defense.

Lastly, before ordering expenses, the Court must give the party that has to pay the expenses an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). For an "opportunity to be heard" "[a]n actual hearing is not necessary . . . , and the Court may consider the issue of expenses on 'written submissions.'" *Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616, 622 (D. Kan. 2005); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements." (cleaned up)). "The 'written submission' requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Cardenas*, 231 F.R.D at 622; *see also New Mexico Oncology & Hematology Consultants, Ltd. V. Presbyterian Healthcare Servs.*, No. 12-CV-526 MV/GBW, 2017 WL 4271330, at *2 n.1 (D.N.M. Sept. 25, 2017). In this case, Defendant requested expenses, including attorney's fees, in its motion such that Plaintiff had an opportunity to respond to that request in his response brief. Doc. 50 at 9-11. And even though Plaintiff did not respond to Defendant's request, he had an opportunity to do so. *See Meridith v. Great Wolf Lodge of Kansas City, LLC*, No. CIV A 07-2529-DJW, 2008 WL 4305110, at *1 (D. Kan. Sept. 18, 2008) ("Here,

5

Defendant expressly requested in its supporting memorandum that it be awarded attorney's fees and expenses. Although Plaintiffs did not file a brief in response to the request for fees and expenses, they had the opportunity to do so. The Court therefore finds that Plaintiffs have had sufficient 'opportunity to be heard' within the meaning of Rule 37(a)(5)(A)." (internal citations omitted)). Accordingly, the Court finds that Plaintiff had an opportunity to be heard on this issue.

## CONCLUSION

For these reasons, the Court GRANTS IN PART Defendant Ohio Security's Motion to Compel Discovery (Doc. 50). The Court denies as moot the motion as to any further discovery responses. The Court grants the motion as to Defendant's request for reasonable expenses, including attorney's fees. Within **14 days** of the entry of this Order, Defendant shall file an affidavit outlining the expenses, including attorney's fees, it incurred in bringing the present motion to compel. Within **14 days** after Defendant files its affidavit, Plaintiff may file any objections he has to the amount Defendant requests.

_____
**STEVEN C. YARBROUGH**
**UNITED STATES MAGISTRATE JUDGE**