## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GABRIEL LEAL
d/b/a GE WIRELESS,

      Plaintiff,

      vs.                                         Civ. No. 23-1121 LF/SCY

OHIO SECURITY INSURANCE
COMPANY,

      Defendant.

## ORDER DENYING MOTION TO RECONSIDER AND
## SETTING AMOUNT OF FEES

On October 15, 2024, the Court granted Defendant's request for expenses, including attorney's fees, associated with its motion to compel. Doc. 56. Presently before the Court is Defendant's Affidavit of Attorney's Fees and Costs Associated with Defendant's Motion to Compel, Doc. 65, as well as Plaintiff's Amended Motion to Reconsider and for Extension, Doc. 69. The Court denies Plaintiff's motion to reconsider and grants Defendant's request for expenses in the amount of $2,894.00.

## BACKGROUND

Defendant served its First Set of Interrogatories, Requests for Production, and Requests for Admission on Plaintiff on April 8, 2024. Doc. 27. Over the next several months, Plaintiff missed the deadline to respond, belatedly requested an extension to respond, missed that deadline, and again belatedly requested another extension. *See* Doc. 56 at 1-2 (order granting motion to compel, laying out the procedural history). On July 9, 2024, Plaintiff provided his discovery responses, but a number of his responses stated that the response to the interrogatory or request for production "will be supplemented." Doc. 50-1.

On September 3, 2024, after several months of Plaintiff promising supplemental responses and failing to deliver, Defendant filed a motion to compel. *Id.*; *see also* Doc. 50 (motion to compel). The entirety of Plaintiff's response to the motion to compel states as follows:

> Plaintiff hired a CPA to prepare a report and to help him answer Ohio's first set of discovery requests and provided the CPA with his files and payment.
>
> The CPA subsequently took Plaintiff's documents with him out of state where he has remained. The CPA kept informing client that he was almost done.
>
> Finally, after the first part of Plaintiff's deposition, he requested his documents back from the CPA, which he did not send right away, and he got them to a new CPA who indicated he could [get] back to him quickly but he did not and finally Mr. Leal did his best to answer the discovery requests on his own.
>
> Plaintiff's Answer to Ohio's Second Set of Discovery Requests was provided today and Plaintiff's Supplemental Answer to Ohio's First Set of Discovery Requests was provided today and that should rectify the issues and needed request responses.
>
> **WHEREFORE,** Plaintiff Gabriel Leal's Answer to Ohio Security Insurance Company's Second Set of Interrogatories, Requests for Production, and Request for Admissions to Plaintiff Gabriel Leal d/b/a GE Wireless and Plaintiff's Supplemental Answer of September 23, 2024 to Ohio Security Insurance Company's First Set of Interrogatories, Requests for Production, and Request for Admissions to Plaintiff Gabriel Leal d/b/a GE Wireless should negate the need for an Order granting Ohio's Motion to Compel.

Doc. 53. In reply, Defendant acknowledged that "[o]n 09/23/24, roughly five (5) months after Ohio Security served its first set of discovery and after the filing of Ohio Security's Motion to Compel, Plaintiff produced business and financial documents, and excel spreadsheets which had been originally requested by Ohio Security on 04/08/24." Doc. 54 at 2. Although the underlying issue in the motion to compel was moot, Defendant continued to request its attorney's fees and costs for bringing the motion to compel. *Id.* at 7.

On October 15, 2024, the Court granted in part the motion to compel. Doc. 56 ("Fee Order"). Given Plaintiff's supplemental discovery responses, it denied as moot the motion to compel as to any further responses. *Id.* at 3. However, it granted Defendant's request for expenses as mandated by Rule 37(a)(5)(A), finding that Defendant made a good faith attempt to obtain the requested discovery before filing its motion, that Plaintiff's nondisclosure was not substantially justified, and that an award of expenses would not be unjust. *Id.* at 4-5. The Court then set a deadline for Defendant to file an affidavit, outlining the attorney's fees and costs it incurred in bringing the motion to compel, and a deadline by which Plaintiff could object to the amount Defendant requests. *Id.* at 6. Defendant filed its affidavit, seeking fees and costs in the amount of $2,894.00. Doc. 65. Plaintiff did not object to this amount but instead filed an "Amended Motion to Reconsider and for Extension," asking the Court to reconsider its award of attorney's fees. Doc. 69; *see also* Doc. 74 (response); Doc. 77 (reply).

## DISCUSSION

Because Plaintiff asks the Court to reconsider its award of attorney's fees and costs, the Court will begin with Plaintiff's motion, before considering Defendant's affidavit of fees.

### 1. Plaintiff's Motion to Reconsider

#### a. Legal Standard

Plaintiff argues that, in the Fee Order, the Court misapprehended the facts and his position, and as such he asks that the Court reconsider its award of attorney's fees under Federal Rule of Civil Procedure 60(b)(1) and (b)(6). Doc. 74 at 1; Doc. 77 at 2. Rule 60(b) provides "Grounds for Relief from a Final Judgment, Order, or Proceedings":

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> . . .

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b), however, is inapplicable in this case because there is no final judgment from which Plaintiff can seek relief. *See Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) ("Federal Rule of Civil Procedure 60(b) 'provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'") (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010)); *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (holding that Rule 60(b) only applies to "final order or judgments," not interlocutory orders). That is, the Fee Order is a not a final judgment or final order and so Rule 60(b) does not provide grounds for relief from that order.

Instead, Plaintiff is asking the Court to reconsider an interlocutory order entered while the case is still proceeding toward a final judgment. In such a circumstance, the Court has discretion to reopen "every order short of a final decree." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). In reviewing an interlocutory order, the court is not required to apply the standards of Rule 59(e) or Rule 60(b) (both of which apply to reconsideration of a final order). *See Fye v. Oklahoma Corp.*

*Com'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008); *Trujillo v. Bd. of Educ. of Albuquerque Public Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007).[1]

However, the Tenth Circuit has indicated that a district court faced with a Rule 54(b) motion to reconsider may use the standards for reviewing a motion to alter or amend a judgment under Rule 59(e) to guide its analysis. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

    b.  Reconsideration of Expenses

In the present motion, Plaintiff argues that the Court should not award expenses associated with the motion to compel because he still "has not properly or fully answered the discovery requests." Doc. 69 at 2. To elaborate, in the prior motion to compel briefing, Plaintiff argued that he was unable to timely respond to discovery requests because he hired a CPA to prepare a report and to help him answer the requests, but the CPA failed to provide the sought-after information and report. Doc. 53 ¶¶ 1-3. After not receiving information from the CPA, and after Defendant filed the motion to compel, Plaintiff responded to the discovery requests himself. *Id.* ¶ 3. Thus, in response to the motion to compel, he argued that his supplemental responses "should rectify the issues and needed request responses." *Id.* ¶ 4. The Court found that Plaintiff's

---

[1] The Court cites unpublished Tenth Circuit cases for their persuasive value. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

delay in responding to discovery was not substantially justified because he "never explain[ed] why he needed a CPA in order to respond to discovery, especially when he eventually was able to respond to discovery himself." Doc. 56 at 4. In the present briefing, Plaintiff provides more specific details regarding the difficulty he has had obtaining information from several different CPAs. Doc. 69 at 2-8. Given this difficulty, he argues that his delay in responding to discovery was indeed substantially justified because he "still needs a CPA to adequately answer his discovery requests." *Id.* at 2. The Court rejects this argument as grounds for reconsideration.

First, using the Rule 59(e) standard, Plaintiff fails to argue that there was an intervening change in controlling law or any new evidence. To the contrary, Plaintiff provides a timeline of his dealings with several CPAs, all of which occurred before he filed his response to the motion to compel on September 23, 2024. Thus, all the facts Plaintiff now presents could have been presented in his prior briefing. And a motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539.

Second, to the extent Plaintiff is arguing that reconsideration of the Fee Order is necessary to correct a clear error or prevent manifest injustice, the Court disagrees. Even if Plaintiff is still waiting on information from a CPA, he also provided at least some discovery responses following the filing of the motion to compel, to the point that he argued, and Defendant agreed, that the motion to compel was moot. In other words, Plaintiff was able to respond to at least some discovery requests without the CPA, but failed to do so until after Defendant was forced to file the motion to compel. In neither the briefing on the prior motion to compel nor the current briefing does Plaintiff offer an explanation for the delay in providing such responses.

Additionally, although Plaintiff details in the present briefing the timeline of waiting on the CPAs, he fails to justify why he missed so many discovery deadlines without requesting an extension. As the Court explained in its Fee Order, "even if Plaintiff was waiting on additional information from a CPA and thus could not respond to discovery by the deadline, Plaintiff should have requested an extension of time to answer before the deadline expired, rather than missing deadlines and forcing Defendant to continually follow up, over a period of months, on the missing discovery." Doc. 56 at 4-5.

For these reasons, the Court finds that reconsideration of its Fee Order is not warranted.

c.   Request for Extension

In addition to moving for reconsideration, Plaintiff also moves for an extension of time under Rule 6(b)(1)(B). Doc. 69 at 13. Discovery closed in this case on September 3, 2024, Doc. 16, and Plaintiff spends several pages of his motion to reconsider explaining why he did not request an extension of that deadline before it expired, Doc. 69 at 9-11. However, in doing so Plaintiff does not also request an extension of the discovery deadline. The closest Plaintiff comes to requesting an extension is when he states that "the first part of [his] deposition was held on August 29, 2024 and because of scheduling conflicts, the second part of [his] deposition had to be scheduled after the close of discovery and will be on October 31, 2024." *Id.* at 9. And in reply, he explains that "[t]he 2nd part of [his] deposition was held on November 19, 2024 and the Court should grant an extension of the discovery deadlines to that date." Doc. 77 at 5.

To the extent Plaintiff is requesting a retroactive extension of the discovery deadline to November 19, 2024 for the limited purpose of taking the second part of his deposition, the Court grants this request. To the extent Plaintiff is requesting a retroactive extension of the discovery

7

deadline for any other discovery, the Court denies such a request because Plaintiff does not explain what further discovery he needed to conduct after the discovery deadline closed.

### 2. Defendant's Affidavit of Attorney's Fees and Costs

In its Fee Order, the Court set a deadline for Defendant to file an affidavit outlining the expenses, including attorney's fees, that it incurred in bringing the motion to compel. Doc. 56 at 6. Defendant timely filed its Affidavit of Attorney's Fees and Costs Associated with Defendant's Motion to Compel Discovery, requesting expenses in the amount of $2,894.00. Doc. 65. The Court also set a deadline by which Plaintiff could object to the amount of expenses that Defendant requests. Doc. 56 at 6. That deadline has expired, and Plaintiff filed no objections, thereby consenting to the amount. *See* D.N.M. LR-Civ. 7.1(b). Further, having reviewed the affidavit of fees and costs, the Court finds that the amount requested is reasonable.

## CONCLUSION

For these reasons the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Amended Motion to Reconsider and for Extension (Doc. 69) as follows:

- Plaintiff's request to reconsider the Order Granting in Part Motion to Compel (Doc. 56) is DENIED; and

- Plaintiff's request for a retroactive extension of the discovery deadline to November 19, 2024 for the limited purpose of taking the second part of his deposition is GRANTED.

Additionally, the Court GRANTS the amount requested in Defendant's Affidavit of Attorney's Fees and Costs Associated with Defendant's Motion to Compel Discovery (Doc. 65). Within 30 days of the entry of this Order, Plaintiff shall pay Defendant its attorney's fees and expenses in the amount of $2,894.00.

**UNITED STATES MAGISTRATE JUDGE**